Ciparick, J.
(dissenting). While I agree with my dissenting colleagues that the evidence presented at trial does not support a conviction for depraved indifference murder, and that after today the once prominent distinction between depraved indifference murder (Penal Law § 125.25 [2]) and intentional murder (Penal Law § 125.25 [1]) has been regrettably obscured, I disagree with their proposed disposition. Instead, I believe that no reasonable view of the evidence supports a finding of recklessness, on any level. This Court’s only recourse is to reverse defendant’s conviction of depraved indifference murder and dismiss that count of the indictment. I cannot concur with the dissent’s recommendation to reduce defendant’s sentence to manslaughter in the second degree (see Penal Law § 125.15 [1]).
*417 A reduction to second degree manslaughter proves problematic. The evidence supports a finding of intentional conduct, not recklessness (see Penal Law § 15.05 [1], [3]). Indeed, the sole eyewitness to the shooting, Ms. Liburd, claims that defendant “walked out [of the apartment] turned right back around and came in and drew the gun * * * and he shot Tim and he ran.” The witness’s description of the incident does not sustain a finding of reckless conduct but rather one of pure intent. Neither the objective circumstances necessary for a finding of depraved indifference murder, nor the basic recklessness necessary to sustain the lesser included count of manslaughter in the second degree are supported by the record.
Furthermore, defendant’s acquiescence to a lesser included instruction on second degree manslaughter did not, in my opinion, operate as a waiver precluding him from raising an argument as to the insufficiency of the People’s proof.
Chief Judge Kaye and Judges Wesley and Graffeo concur with Judge Levine; Judges Smith and Rosenblatt dissent and vote to reverse, reduce the conviction to manslaughter in the second degree and remit for resentencing in separate dissenting opinions; Judge Ciparick dissents and votes to reverse and dismiss the indictment in another opinion.
Order affirmed.